IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In re KYUNG SOOK KIM, Debtor. ) | Civ. No. 10-00059 JMS/KSC |
| _____ ) | |
| ) | ORDER GRANTING APPELLEE |
| SUMIDA & TSUCHIYAMA, LLLP ) | RONALD K. KOTOSHIRODO'S |
| and KEVIN P.H. SUMIDA, ) | MOTION TO DISMISS APPEAL |
| ) | |
| Appellants, ) | |
| ) | |
| vs. ) | |
| ) | |
| RONALD K. KOTOSHIRODO, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

**ORDER GRANTING APPELLEE RONALD K. KOTOSHIRODO'S
MOTION TO DISMISS APPEAL**

## I. <u>INTRODUCTION</u>

This bankruptcy court appeal is the culmination of a contentious

dispute between Appellee bankruptcy Trustee Ronald K. Kotoshirodo ("Trustee")

and Appellants Sumida & Tsuchiyama, LLLP and Kevin P.H. Sumida

(collectively, "Sumida"), who represented Debtor Kyung Sook Kim ("Debtor") in

an adversary proceeding, and who were subsequently sanctioned by the bankruptcy

court. Currently before the court is Trustee's Motion to Dismiss, in which it

argues, among other things, that Sumida's appeal is untimely and that he does not

have standing to raise certain arguments. Based on the following, the court agrees

and GRANTS Trustee's Motion to Dismiss.

## II. <u>BACKGROUND</u>

Sumida appeals six separate orders and/or decisions and/or judgments of the bankruptcy court.[1]  To provide context for these orders, the court provides the following description of the bankruptcy court proceedings relevant to Sumida's appeal.

On March 27, 2006, Debtor filed a voluntary petition for Chapter 11 bankruptcy.  On April 17, 2006, the bankruptcy court granted Debtor's request to employ Sumida as her special counsel in an adversary proceeding in which Debtor challenged the non-judicial foreclosure sale of certain real property she owned.

On August 10, 2006, the bankruptcy court granted Debtor leave to convert her bankruptcy case to Chapter 7, and subsequently appointed Trustee.  On November 14, 2006, the bankruptcy court entered a discharge of Debtor.

Trustee subsequently initiated two separate adversary proceedings -- the first, 07-AD-90062, was against Debtor and her husband to revoke Debtor's discharge and require them to turn over any property that they had not properly

---

[1]  For ease of reference, the court will generically refer to these six separate orders and/or decisions and/or judgments as "orders."

disclosed, and the second, 08-AD-90049, was against Sumida for his failure to disclose relevant information to the bankruptcy court and Trustee.

In April 2009, the parties in both adversary actions entered a Settlement, Release and Indemnity Agreement in which they agreed to jointly stipulate to dismiss both adversary actions with prejudice.  Tr. Ex. A ¶ 7.  In 07-AD-90062, the bankruptcy court entered the Stipulation and Order, Dismissal with Prejudice on May 11, 2009.  Tr. Ex. B.  In 08-AD-90049, however, dismissal was not as smooth because Sumida failed to execute a stipulation to dismiss and instead filed a motion for leave to file an amended answer to include a third-party complaint.  Tr. Ex. C.  In response, Trustee filed a counter-motion to dismiss the case and for sanctions.  Tr. Ex. D.  On June 24, 2009, the bankruptcy court entered its first order subject to this appeal -- an "Order on Matters Set for Hearing on June 24, 2009" (the "June 24, 2009 Order") -- which denied Sumida's motion to file an amended answer, granted Trustee's countermotion to dismiss, and denied the request for sanctions without prejudice.  Tr. Ex. E.

Back in the main bankruptcy action, on May 29, 2009, Sumida filed a motion to remove Trustee and Trustee's attorney on the basis that Trustee had, among other things, allegedly caused Debtor's estate to breach the settlement agreement.  Tr. Ex. H.  On July 14, 2009, the bankruptcy court entered its second

order subject to this appeal -- a "Memorandum of Decision on Motion to Remove Trustee and for Other Relief" (the "July 14, 2009 Memorandum") -- which denied Sumida's Motion to Remove Trustee and denied Trustee's request for sanctions. Tr. Ex. J.

On August 10, 2009, Trustee filed a Final Application for Compensation/Reimbursement for Expenses ("Final Application"), Tr. Ex. K, and on August 17, 2009, Sumida filed an Opposition.  Tr. Ex. L.  On October 1, 2009, Trustee filed two separate motions for sanctions against Sumida, Tr. Exs. M, N, and Sumida countered by seeking sanctions against Trustee.  Tr. Ex. O.  During the November 23, 2009 hearing on these motions, the bankruptcy court orally entered its third order subject to this appeal (the "November 23, 2009 Oral Order"), which approved the Final Application, denied Sumida's countermotion for sanctions, and took Trustee's motions for sanctions under advisement.  Tr. Ex. P at 11-12.

On January 14, 2010, the court entered its fourth order subject to this appeal -- a "Memorandum of Decision on Motions for Sanctions" (the "January 14, 2010 Memorandum") -- in which it denied Sumida's motion for sanctions and granted Trustee's motion for sanctions against Sumida.  Tr. Ex. Q.  In granting Trustee's motion for sanctions, the court ordered Trustee to "file a declaration and supporting evidence of the reasonable amount of fees and costs . . . within fourteen

4

days from the entry of this decision.  Mr. Sumida will have seven days after the trustee's filing to file a response."  *Id.* at 19.

Pursuant to the January 14, 2010 Memorandum, Trustee filed his Declaration and supporting evidence on January 18, 2010, and Sumida filed his Response on January 25, 2010.  Tr. Exs. R, S.  On February 1, 2010, the bankruptcy court entered its final two orders subject to appeal -- (1) a "Judgment on Motion for Sanctions" (the "February 1, 2010 Judgment on Sanctions"), Tr. Ex. T, and (2) an "Order on Application for Compensation/Reimbursement for Expenses" (the "February 1, 2010 Order on Compensation").  Tr. Ex. U.

The six orders discussed above form the basis of Sumida's appeal. Specifically, on January 27, 2010, Sumida filed a Notice of Appeal from the following orders:

1. The June 24, 2009 Order;
2. The July 14, 2009 Memorandum;
3. The November 23, 2009 Oral Order; and
4. The January 14, 2010 Memorandum.

Tr. Ex. V.

On February 18, 2010, Sumida filed an Amended Notice of Appeal, stating that he also appeals:

5. The February 1, 2010 Judgment on Sanctions; and
6. The February 1, 2010 Order on Compensation.

5

Tr. Ex. Q.

On April 8, 2010, Trustee filed his Motion to Dismiss the appeal for lack of jurisdiction.  Sumida filed his Opposition on May 7, 2010, and Trustee filed his Reply on May 21, 2010.  A hearing was held on June 7, 2010.  At the hearing, the court permitted Sumida to submit a supplemental memorandum providing legal authority on the separate document rule by June 7, 2010, and Trustee submitted a responsive memorandum on June 8, 2010.

## III.  ANALYSIS

Trustee argues that Sumida's appeal should be dismissed because, among other reasons, Sumida failed to timely appeal some of the bankruptcy court's orders, and Sumida does not have standing to raise other issues on appeal. The court addresses each of these arguments in turn.

**A.    Timeliness of Appeal**

A party to a bankruptcy action must timely file a notice of appeal after entry of the order being appealed.  *See* Fed. R. Bankr. P. 8002(a).  "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate review." *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (quoting *In re Long*, 255 B.R. 241, 243 (B.A.P. 10th Cir. 2000)); *see also In re Mouradick*, 13 F.3d 326, 327 (9th Cir. 1994) ("The provisions of Bankruptcy Rule 8002 are jurisdictional; the untimely

filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's order.").

Trustee argues that Sumida failed to timely appeal: (1) the June 24, 2009 Order; (2) the July 14, 2009 Memorandum; (3) the January 14, 2010 Memorandum; and (4) the February 1, 2010 Judgment on Sanctions.  The court first outlines the relevant framework for determining timeliness of bankruptcy appeals, and then addresses each appeal.

### 1.   *Framework*

Effective December 1, 2009, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules") were amended and as explained below, these changes affect both the timing and triggering events for appeals.  Two of the orders at issue -- the June 24, 2009 Order and the July 14, 2009 Memorandum -- were issued before the amendments, while the January 14, 2010 Memorandum and February 1, 2010 Judgment on Sanctions were issued after the amendments.  The court must therefore address the preliminary issue of which Bankruptcy Rules apply to each of the appeals at issue.

When the 2009 amendments were ordered into effect, a Supreme Court Order provided that "[t]he foregoing amendments to the Federal Rules of Bankruptcy Procedure shall take effect on December 1, 2009, and shall govern in

all proceedings in bankruptcy cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Supreme Court Order on Rules of Bankruptcy Procedure (Mar. 26, 2009) at 3, *available at* http://www. supremecourtus.gov/orders/courtorders/frbk 09.pdf; *see also* Tr. Ex. Z.

The court finds that it is not just and practicable to apply the new Bankruptcy Rules to the June 24, 2009 Order and July 14, 2009 Memorandum. The June 24, 2009 Order and July 14, 2009 Memorandum came well before the amendments, such that the old Bankruptcy Rules were relied upon by Sumida in determining when to appeal. While the new Bankruptcy Rules could potentially apply to these orders, the court does not find it practicable to have these amendments reach back in time, especially where any timing concerns about filing an appeal occurred well before the amendments took effect. Further, during the June 7, 2010 hearing, the parties agreed that the old Bankruptcy Rules should apply to these two orders.

The court finds, however, that it is both just and practicable to apply the new Bankruptcy Rules to the January 14, 2010 Memorandum and the February 1, 2010 Judgment on Sanctions. First, at the time these orders issued, Sumida could have easily complied with the new Bankruptcy Rules and determined when a notice of appeal should be filed. Accordingly, applying the new Bankruptcy Rules

to these orders is "plainly practicable." *See In re Pintlar Corp.*, 133 F.3d 1141, 1145 (9th Cir. 1998); *see also United States v. Mojica-Rivera*, 435 F.3d 28, 33 (1st Cir. 2006) (applying criminal rules amendments that change the timing for filing a motion for new trial where the defendant had time after the amendments went into effect to file a motion for a new trial).

Second, because these orders were issued after the new Bankruptcy Rules took effect, a reasonable litigant would rely upon these new Bankruptcy Rules in determining when to file an appeal.  In fact, Sumida does not argue that he was acting in reliance on the old Bankruptcy Rules, that he would have behaved differently had he expected the old Bankruptcy Rules to apply, or that he was prejudiced in any manner except for the fact that he can make fewer arguments under the new Bankruptcy Rules than he can under the old Bankruptcy Rules.  *See In re Pintlar Corp.*, 133 F.3d at 1145.  Given this context, the court likewise concludes that applying the new Bankruptcy Rules to the January 14, 2010 Memorandum and the February 1, 2010 Judgment on Sanctions is just.

During the June 7, 2010 hearing, Sumida nonetheless argued that the court should apply the old Bankruptcy Rules to the January 14, 2010 Memorandum and the February 1, 2010 Judgment on Sanctions because the old Bankruptcy Rules are more favorable to him than the new Bankruptcy Rules.  To the extent Sumida

9

argues that the court should simply apply whatever rules are more likely to provide this court jurisdiction, the court rejects adopting an inflexible rule that jurisdiction is the sole guiding force in determining whether it is just and practicable to apply amendments to pending actions. *See Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994) ("We have regularly applied intervening statutes conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed. . . .  Present law normally governs in such situations because jurisdictional statutes speak to the power of the court rather than to the rights or obligations of the parties." (quotations omitted)).  As explained above, the circumstances of this action make it just and practicable to apply the new Bankruptcy Rules to those orders that came after the amendments took effect.[2]

> a.    *Rules applicable to the June 24, 2009 Order and the July 14, 2009 Memorandum*

Under the old Bankruptcy Rules, a party may appeal a final judgment or order of the bankruptcy court to the district court or bankruptcy appellate panel by filing a notice of appeal "within 10 days of the date of entry of the judgment, order, or decree appealed from."  *See* Fed. R. Bankr. P. 8001, 8002(a) (2008); *see also* 28 U.S.C. § 158(a)(1) (stating that the district court has jurisdiction to hear

---

[2]  In any event, as explained below, even if the court applies the old Bankruptcy Rules to the January 14, 2010 Memorandum or the February 1, 2010 Judgment on Sanctions, the court finds that Sumida still failed to timely file a notice of appeal.

appeals "from final judgments, orders, and decrees").  In general, "[t]wo things are necessary to trigger the time in which to appeal: (i) the lower court's intent that its order be 'final,' and (ii) compliance with Fed. R. Civ. P. 58, which, in cases like this one, 'requires entry of a document distinct from any opinion or memorandum.'"  *In re Brown*, 484 F.3d 1116, 1120 n.3 (9th Cir. 2007) (quoting *Hollywood v. City of Santa Maria*, 886 F.2d 1228, 1231 (9th Cir. 1989)).

The applicability of Rule 58 comes directly from Bankruptcy Rule 9021, which provided that Rule 58 "applies in cases under the Code.  Every judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document."  Fed. R. Bankr. P. 9021 (2008).  Pursuant to Rule 58, the ten-day period to file an appeal began from the earlier of (1) the date the separate document was filed, or (2) if a separate document was not filed, after "150 days have run from the entry in the civil docket."  Fed. R. Civ. P. 58(c); *see also Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007).  This separate document rule of Rule 58 (and thus Bankruptcy Rule 9021) "was intended primarily to clear up uncertainties in determining, for purposes of appellate review, when there is a final appealable judgment."  *Noli v. Comm'r*, 860 F.2d 1521, 1525 (9th Cir. 1988); *see also In re Schimmels*, 85 F.3d 416, 420-21 (9th Cir. 1996).

11

As for what constitutes a final judgment or order, this Circuit has

"'adopted a pragmatic approach to finality in bankruptcy cases.'"  *In re AFI*

*Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008) (quoting *In re Lazar*, 237 F.3d

967, 985 (9th Cir. 2001)).   Unlike civil actions where an entry of judgment usually

ends the litigation, "in bankruptcy, a complete act of adjudication need not end the

entire case, but need only end any of the interim disputes from which appeal would

lie." *In re Slimick*, 928 F.2d 304, 307 n.1 (9th Cir. 1990).  "[A] bankruptcy court

order is final and thus appealable where it 1) resolves and seriously affects

substantive rights and 2) finally determines the discrete issue to which it is

addressed." *AFI Holding, Inc.*, 530 F.3d at 836 (quoting *In re Lazar*, 237 F.3d at

985); *see also In re Brown*, 484 F.3d 1116, 1120 (9th Cir. 2007) ("[A] disposition

is final if it contains 'a *complete* act of adjudication,' that is, a full adjudication of

the issues at bar, and clearly evidences the judge's intention that it be the court's

final act in the matter." (quotations omitted).

> b.  *Rules applicable to the January 14, 2010 Order and February 1, 2010 Judgment on Sanctions*

The December 1, 2009 amendments to the Bankruptcy Rules change

two points relevant to notices of appeal.

First, the amendments change the time to file a notice of appeal from within 10 days to "within 14 days of the date of entry of the judgment, order, or decree appealed from."  *See* Fed. R. Bankr. P. 8001, 8002(a), *see also* 28 U.S.C. § 158.  Second, the amendments change the requirement that entry of judgment be set forth in a separate document -- this requirement now applies to adversary proceedings only.  Specifically, Bankruptcy Rule 9021 no longer references Civil Rule 58 and instead provides that "[a] judgment or order is effective when entered under Rule 5003."[3]  In comparison, Bankruptcy Rule 7058 provides that "Rule 58 F. R. Civ. P. applies in adversary proceedings. . . ."  The Report of the Committee on Rules of Practice and Procedure to the Judicial Conference explains that the purpose of these changes was to "make[] clear that the separate-document requirement does not apply outside of adversary proceedings."  Report of the Judicial Conference, Committee on Rules of Practice and Procedure (September 2008), at 18, *available at* http://www.uscourts.gov/uscourts/RulesAndPolicies/ rules/Supreme Court 2008/ST09-2008.pdf.

Accordingly, unless the order or judgment at issue is in an adversary proceeding, the only requirements to start the time to appeal is that the order

---

[3]  Bankruptcy Rule 5003(a) simply requires the clerk to enter each "judgment, order, or activity" onto the docket of the case.

"1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed." *AFI Holding, Inc.*, 530 F.3d at 836 (quoting *In re Lazar*, 237 F.3d at 985); *see also* 28 U.S.C. § 158(a)(1) (stating that the district court has jurisdiction to hear appeals "from final judgments, orders, and decrees").

      **2.**    *Application*

      *a.*    *The June 24, 2009 Order*

In 08-AD-90049, the June 24, 2009 Order denied Sumida's motion for leave to file an amended answer to include a third-party complaint, granted Trustee's counter-motion to dismiss, and denied a request for sanctions without prejudice to such claims being raised in other actions.  Tr. Ex. E.  That same day, the Clerk of the Bankruptcy Court entered its Notice of Entry of Order or Judgment on the June 24, 2009 Order.  Adversary Proceeding 08-AD-90049, Doc. No. 44. As a result, this adversary action was closed.

The court easily concludes that Sumida's January 27, 2010 Notice of Appeal is untimely.  The time to appeal began on June 24, 2009 -- the June 24, 2009 Order was a final order dismissing 08-AD-90049, and, in a separate document, the judgment was entered that same day.  Sumida essentially concedes the point -- he provides no argument explaining why this appeal is timely.

Accordingly, because Sumida filed his appeal long after the ten-day time period expired, the court GRANTS Trustee's Motion to Dismiss Sumida's appeal of the June 24, 2009 Order.

        *b.      The July 14, 2009 Memorandum*

In the main bankruptcy action, the court entered its July 14, 2009 Memorandum, which denied Sumida's motion to remove Trustee and denied Trustee's request for sanctions. Tr. Ex. J. No separate document was entered docketing judgment on the July 14, 2009 Memorandum. Accordingly, if the July 14, 2009 Memorandum is a final order, then Sumida had 150 days plus the time to appeal within which to file a notice of appeal. In other words, Sumida's ten-day time to appeal would start 150 days after the July 14, 2009 Memorandum, *i.e.*, on December 11, 2009, and expired on December 21, 2009. *See* Fed. R. Bankr. P. 9006 (2008) (explaining calculation of days). Sumida, however, did not file his Notice of Appeal until January 27, 2010.[4] Accordingly, at issue is whether the July 14, 2009 Memorandum is indeed a final order from which Sumida could appeal.

While the Ninth Circuit has not addressed the precise issue of whether an order denying a motion to remove a trustee is a final order, *AFI Holding*

---

[4] As described above, the time to file a notice of appeal changed from ten to fourteen days effective December 1, 2009. *See* Fed. R. Bankr. P. 8002(a). Regardless of whether Sumida is afforded ten or fourteen days to appeal, Sumida's January 27, 2010 Notice of Appeal, filed forty-seven days after December 11, 2009, was not timely.

provides that an order *removing* a trustee is a final order over which a reviewing court has jurisdiction.   *AFI Holding* considered holdings from other Circuits and found persuasive that the court must apply "liberal finality considerations" given that appeal of such "orders cannot be meaningfully postponed to the bankruptcy's conclusion." *AFI Holding, Inc.*, 530 F.3d at 836-37 (quoting *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 470-71 (3d Cir. 1998)).   *AFI Holding* found that even though the bankruptcy action continues after the removal order is entered, the removal order is a final order because it "resolves and seriously affects the substantive rights of the parties to a disinterested trustee and finally determines the discrete issue to which it is addressed." *Id.* at 837.

While the July 14, 2009 Memorandum denying Sumida's motion to remove Trustee presents the converse situation of *AFI Holding*, the reasoning of *AFI Holding* applies equally to the July 14, 2009 Memorandum. *See SS Farms, LLC v. Sharp*, 2010 WL 1558682, at *2-3 (E.D. Cal. Apr. 19, 2010) (finding that the reasoning of *AFI Holding* applies to an order denying removal of a trustee); *see also In re Granderson*, 252 B.R. 1, 4 (1st Cir. B.A.P. 2000) ("The Panel has jurisdiction to hear this appeal, as the order denying the Joint Motion to remove Trustee is a final order."); *Matter of Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 691-92 (7th Cir. 1992) (treating the denial of a motion to remove a trustee as a

16

final order).  The July 14, 2009 Memorandum was a final order on a significant

and discrete issue -- *i.e.*, whether Trustee had breached the settlement agreement

and therefore breached his duties to Debtor's estate such that he should be

removed.  *See* Tr. Ex. J at 2.  The July 14, 2009 Memorandum unequivocally

answered this question in the negative.  If the July 14, 2009 Memorandum was not

considered final, then requiring Sumida to wait until the end of the proceedings

would "allow[] the possibility of an order returning this bankruptcy to its very

beginning for a second round."  *AFI Holding, Inc.*, 530 F.3d at 836 (quoting *In re*

*Marvel Entm't Group, Inc.*, 140 F.3d at 470).  In other words, an appeal of the July

14, 2009 Memorandum could not be meaningfully postponed.  *See id.* at 837.

In opposition, Sumida argues that his time to appeal from the July 14,

2009 Memorandum has not yet begun to run because the bankruptcy action is still

open and there is no final judgment.  The court easily rejects this argument.  As

explained above, unlike civil actions where an entry of judgment usually ends the

litigation, "in bankruptcy, a complete act of adjudication need not end the entire

case, but need only end any of the interim disputes from which appeal would lie."

*In re Slimick*, 928 F.2d at 307 n.1.  Accordingly, whether the bankruptcy action is

still open is irrelevant to determining the timing for lodging a notice of appeal.

Sumida also argues that cases have distinguished *AFI Holding* on the basis that it addresses only the removal of a trustee, and not an order denying removal of a trustee.  Sumida's citation to caselaw is spurious -- Sumida provides block quotes from what he asserts is "*In re SK Foods, L.P.*, 2009 WL 6328068 (E.D. Cal. 2009)," *see* Sumida Opp'n at 14-15, but his quotations are actually from a *brief*, not a *decision*.  *See* Tr. Exs. X-Y.  Magnifying Sumida's mis-citation is that the court considering this brief rejected the arguments upon which Sumida relies.  Specifically, *SS Farms* rejected the brief's argument that *AFI Holding* is distinguishable, and found that an order denying removal of a trustee is an appealable order:

> Appellee seeks to distinguish *In Re AFI*, arguing that the jurisdiction found in said case applies only to orders removing a Trustee, not to those denying removal. However the court's reasoning in *In Re AFI* makes clear that orders concerning the appointment of bankruptcy trustees should be liberally construed as final, and thereby appropriate for appeal, "because these orders cannot be meaningfully postponed to the bankruptcy's conclusion." [*AFI Holding*, 530 F.3d at 836].  Moreover, as part of its analysis the court specifically cites a Seventh Circuit ruling in which *denial* of a motion to remove a trustee was treated as a final order, therefore indicating that the Ninth Circuit sought to treat both removal of Trustee and denial of removal of Trustee as equally appropriate for appeal.  *Id*. at 837 (citing *Matter of Shultz Mfg. Fabricating Co.*, 956 F.2d 686, 691-92 (7th Cir. 1992)).  Accordingly this Court has jurisdiction

18

to hear appeal of the denial of Appellant's Motion to
Remove Trustee.

*SS Farms, LLC*, 2010 WL 1558682, at * 2.

The court agrees with the reasoning of *SS Farms*; the July 14, 2009

Memorandum was a final order and Sumida failed to timely file a notice of appeal.

Accordingly, the court GRANTS Trustee's Motion to Dismiss Sumida's appeal of

the July 14, 2009 Memorandum.

       *c.*    *The January 14, 2010 Memorandum and the subsequent*
              *February 1, 2010 Judgment on Sanctions*

On January 14, 2010, the court entered its Memorandum denying

Sumida's motion for sanctions against Trustee and granting Trustee's motion for

sanctions against Sumida. Tr. Ex. Q. The January 14, 2010 Memorandum

required Trustee's counsel to "file a declaration and supporting evidence of the

reasonable amount of fees and costs . . . within fourteen days from entry of this

decision. Mr. Sumida shall have seven days after the trustee's filing to file a

response." Tr. Ex. Q at 19. In their supplemental briefing, the parties disagreed on

the proper award of sanctions. *See* Tr. Exs. R, S. On January 27, 2010 -- after this

supplemental briefing on fees and costs was submitted, but before the bankruptcy

court issued any order determining the amount of sanctions -- Sumida filed his first

Notice of Appeal.  The February 1, 2010 Judgment on Sanctions followed, and

Sumida subsequently filed an Amended Notice of Appeal on February 18, 2010.

The January 14, 2010 Memorandum and February 1, 2010 Judgment

on Sanctions raise two issues -- first, whether the January 14, 2010 Order was a

final order such that Sumida's January 27, 2010 Notice of Appeal was timely, and

second, whether the February 1, 2010 Judgment on Sanctions triggered Sumida's

time to appeal such that his February 18, 2010 Amended Notice of Appeal was

untimely.  Based on the following, the court finds that the January 14, 2010

Memorandum was not a final order, that the February 1, 2010 Judgment on

Sanctions triggered Sumida's time to appeal, and that the February 18, 2010

Amended Notice of Appeal was untimely.

i.      The January 14, 2010 Memorandum

There are several reasons why the January 14, 2010 Memorandum

does not qualify as a final order.

First, "[a]n order awarding attorney's fees which does not fully

dispose of the issue of attorney's fees [by specifying the amount] is not a final,

appealable order."  *Jensen Elec. Co. v. Moore, Caldwell, Rowland & Dodd, Inc.*,

873 F.2d 1327, 1329 (9th Cir. 1989); *see also Lazorko v. Pa. Hosp.*, 237 F.3d 242,

248 (3d Cir. 2000) ("An award of sanctions is not a final order, and thus not

appealable, until the district court determines the amount of the sanction.");

*Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996) (finding that an order stating that the court would award attorney fees and costs was not appealable where the amount of fees and costs had yet to be determined and the court had requested further submissions from both parties to assist in the determination).[5]

Because the January 14, 2010 Memorandum required supplemental briefing and did not determine the amount of sanctions, it did not fully end the sanctions dispute, much less indicate the bankruptcy court's intention that the January 14, 2010 Memorandum would be its final act on the matter. *See In re Slimick*, 928 F.2d at 307 n.1; *AFI Holding, Inc.*, 530 F.3d at 836.

Indeed, construing the January 14, 2010 Memorandum as a final order would lead to a ridiculous result of the bankruptcy court being divested of jurisdiction to determine the amount of sanctions. "The timely filing of a notice of appeal to either a district court or bankruptcy appellate panel will typically divest a bankruptcy court of jurisdiction over those aspects of the case involved in the appeal." *In re Sherman*, 491 F.3d 948, 967 (9th Cir. 2007) (citation and quotation signals omitted). Where an appeal has been made, "the bankruptcy court retains jurisdiction over all other matters that it must undertake 'to implement or enforce

---

[5] Although these cases are not bankruptcy cases, the court finds their reasoning equally applicable in this action.

the judgment or order,' although it 'may not alter or expand upon the judgment.'"

*Id.* (quoting *In re Padilla*, 222 F.3d 1184, 1190 (9th Cir. 2000)).  The

determinations that sanctions were warranted and the sanctions amount constitute

the entire issue from which Sumida could appeal.  The January 14, 2010

Memorandum -- requiring additional briefing to determine the sanctions amount --

had not finished adjudicating the issue such that Sumida's January 27, 2010 Notice

of Appeal was clearly premature.

Second, while the court recognizes that there are some circumstances

in which a premature appeal may nonetheless confer jurisdiction on the court, none

of these circumstances applies to this action.

Specifically, Bankruptcy Rule 8002(a) provides that "[a] notice of

appeal filed after the announcement of a decision or order but before entry of the

judgment, order, or decree shall be treated as filed after such entry and on the day

thereof."  Bankruptcy Rule 8002 was designed to conform with Federal Rule of

Appellate Procedure 4(a)(2), and as such, the two rules are construed consistently.

*See* Fed. R. Bankr. P. 8002, 1991 Advisory Committee's Note; *In re Arrowhead

Estates Dev. Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).  The Supreme Court has

explained that Appellate Rule 4(a)(2) applies to only those orders that would be

appealable but for the ministerial task of entry of judgment:

> In our view, Rule 4(a)(2) permits a notice of appeal from a nonfinal decision to operate as a notice of appeal from the final judgment only when a district court announces a decision that *would be* appealable if immediately followed by the entry of judgment. In these instances, a litigant's confusion is understandable, and permitting the notice of appeal to become effective when judgment is entered does not catch the appellee by surprise.

*FirsTier Mortgage Co. v. Investors Mortgage Ins. Co.*, 498 U.S. 269, 276 (1991); *see also In re Jack Raley Const., Inc.*, 17 F.3d 291, 294 (9th Cir. 1994) ("A premature notice of appeal is valid when all that remained was the clerk's ministerial task of entering a Rule 58 judgment." (citation and quotation signals omitted)). Accordingly, to fall within the safe harbor of Bankruptcy Rule 8002(a), the order prematurely appealed from must fully determine the issue at hand such that it is reasonable for the appellant to believe that his time to appeal has begun.

Sumida's appeal of the January 14, 2010 Memorandum does not fall within Bankruptcy Rule 8002(a)'s safe harbor for the reasons discussed above -- the January 14, 2010 Memorandum was not a final adjudication of the sanctions issue. The facts of this action are parallel to those in *Kennedy v. Applause, Inc.*, 90 F.3d 1477 (9th Cir. 1996), which found that Appellate Rule 4(a)(2) does not apply to an order granting sanctions where the court has yet to determine amount of sanctions. In finding that the appellant had not properly appealed the sanctions order, *Kennedy* explained:

23

> [S]ignificantly more than a ministerial task remained
> after the district court entered its February 6 order stating
> it would award attorney fees and costs to Applause.  The
> amount of fees and costs had yet to be determined.  The
> court had requested further submissions from both parties
> in order to assist it in this determination.  Kennedy could
> not be said to have reasonably confused the court's
> February 6 order with a final judgment when the amount
> of attorney fees and costs was undetermined and the
> court was still requesting submissions.

*Kennedy*, 90 F.3d at 1483.  The reasoning in *Kennedy* applies with equal force in

this action.[6]

While not clear, Sumida appears to argue that another rule saves his

premature appeal.  Specifically, because interlocutory orders are not appealable to

a circuit court, in certain circumstances circuit courts have applied the rule that

"once a final judgment is entered, an appeal from an order that otherwise would

have been interlocutory is then appealable" and validates the premature appeal.  *In*

*re Rains*, 428 F.3d 893, 901 (9th Cir. 2005) (quoting *Eastport Assocs. v. City of*

*Los Angeles*, 935 F.2d 1071, 1075 (9th Cir. 1991)).  Given that the Bankruptcy

Rules explain how a party may file an interlocutory appeal to a district court or

---

[6] The court is aware that *In re Lapin*, 226 B.R. 637 (9th Cir. B.A.P. 1998), addressed the similar fact pattern where an appellant filed a notice of appeal after the bankruptcy court issued its memorandum stating that sanctions were warranted, but before it determined the amount of sanctions.  *In re Lapin* found that "to the extent the [memorandum finding that sanctions was warranted] implicitly (if not explicitly) imposed sanctions against CFTB and thus 'announces' the court's decision, the notice of appeal should be treated as timely filed."  *In re Lapin*, 226 B.R. at 641.  *In re Lapin*, which failed to discuss any precedent or engage in any thoughtful analysis, is inconsistent with *Kennedy v. Applause, Inc.*, 90 F.3d 1477, 1483 (9th Cir. 1996).

bankruptcy appellate panel, *see, e.g.*, Fed. R. Bankr. P. 8001(b), it is unclear

whether this rule for interlocutory appeals to circuit courts has any applicability to

a bankruptcy appeal to a district court.  Even if this rule does apply, however,

Sumida's argument fails.

　　　　As an initial matter, whether this rule is still good law is an open

question.  Several courts have recognized that this rule is now limited and/or

abrogated by *FirsTier*.  *See Outlaw v. Airtech Air Conditioning Heating, Inc.*, 412

F.3d 156, 160 (D.C. Cir. 2005) ("We agree with decisions concluding that those

prior lines of precedent [providing a broad understanding of when a premature

notice of appeal could become effective] must be limited in light of *FirsTier*.");

*United States v. Cooper*, 135 F.3d 960, 963 (5th Cir. 1998) ("[W]e recognize that

in light of *FirsTier*, this expansive view of appellate jurisdiction [allowing

consideration of a premature appeal where judgment becomes final prior to

disposition of the appeal] cannot survive."); *see also Adapt of Phila. v. Phila.

Housing Auth.*, 433 F.3d 353, 364 (3d Cir. 2006) (explaining the differences

between *FirstTier* and its premature appeal doctrine, which applies only where "the

refusal to exercise jurisdiction would elevate a mere technicality above important

substantive issues," and finding that the *FirsTier* analysis applies to interlocutory

discovery orders).

In the Ninth Circuit, some cases suggest that this rule no longer applies in light of *FirsTier*. *See Serine v. Peterson*, 989 F.2d 371, 372 (9th Cir. 1993) (recognizing earlier caselaw and applying *FirsTier*); *see also In re Jack Raley Const., Inc.*, 17 F.3d at 294 (applying *FirsTier* in determining jurisdiction over premature notice of appeal of oral order granting summary judgment).  Other cases, however, have applied the rule, oftentimes without even addressing the potential relevance of *FirsTier*. *See, e.g.*, *In re Rains*, 428 F.3d at 901 (applying rule without mentioning *FirsTier*); *Cato v. Fresno City*, 220 F.3d 1073 (9th Cir. 2000) (same); *Dannenberg v. Software Toolworks, Inc*., 16 F.3d 1073, 1075 (9th Cir. 1994) (same).

Even assuming that this doctrine survives *FirsTier* in the Ninth Circuit, it provides Sumida no relief -- the rule applies to an interlocutory appeal where a specific issue is ripe for review, not to a premature appeal before the specific issue has been fully addressed by the lower court.  The Ninth Circuit has explained:

> We . . . take a pragmatic approach to finality in situations where events subsequent to a nonfinal order fulfill the purposes of the final judgment rule.  Specifically, "judgments whose finality would normally depend upon a Rule 54(b) certificate may be treated as final [and appealable under § 1291] if remaining claims subsequently have [ ] been finalized."

*Dannenberg*, 16 F.3d at 1075 (quoting *Baker v. Limber*, 647 F.2d 912, 916 (9th Cir. 1981) (alterations in original); *see also Cato*, 220 F.3d at 1074-75.  In other words, for this rule to apply the only remaining step needed to perfect the interlocutory appeal is entry of judgment.  *See, e.g.*, *In re Rains,* 428 F.3d at 901 (finding premature appeal of order approving settlement agreement was cured by subsequent entry of judgment); *Cato*, 220 F.3d at 1074 (finding that premature appeal of order sanctioning counsel $7,500 was cured by subsequent entry of judgment); *see also Adams v. Ford Motor Co.*, 319 Fed. Appx. 113, 115 (3d Cir. 2009) (stating that this doctrine "does not authorize permitting a premature notice of appeal from a clearly interlocutory order such as a sanction order to ripen upon the entry of a final judgment on the merits"); *Lazorko*, 237 F.3d at 248 (finding that the court lacked jurisdiction over sanctions award that was prematurely appealed).

This doctrine validating appeals of interlocutory orders once judgment is entered does not save Sumida's premature appeal because as explained above, the bankruptcy court had not fully adjudicated the sanctions issue at the time of Sumida's January 27, 2010 Notice of Appeal.  To allow Sumida's premature appeal -- filed before the bankruptcy court determined the amount of sanctions -- would expand this doctrine well past its established confines by validating any

premature appeal regardless of whether the court has fully adjudicated the issue appealed.  Such interpretation is not supported by those cases applying the rule, much less those cases following *FirsTier* and recognizing this rule's limitations. Accordingly, this premature appeal rule does not validate Sumida's January 27, 2010 Notice of Appeal.[7]

In sum, the January 14, 2010 Memorandum was not a final order from which Sumida could appeal and as a result, the January 27, 2010 Notice of Appeal was ineffective.  The court therefore GRANTS Trustee's Motion to Dismiss Sumida's appeal of the January 14, 2010 Memorandum.

ii.     The February 1, 2010 Judgment on Sanctions

Applying the new Bankruptcy Rules to the February 1, 2010 Judgment on Sanctions, the court has little trouble finding that Sumida's February 18, 2010 Amended Notice of Appeal -- filed seventeen days after the February 1, 2010 Judgment on Sanctions -- was untimely and therefore insufficient to confer

---

[7] Sumida also argues that the January 14, 2010 Memorandum was an appealable, final order because after his January 27, 2010 Notice of Appeal, the bankruptcy court issued a "Notice Regarding Appeal," which provides:

> [T]he notice of appeal has been filed after the announcement of a decision or order of the court but before the entry of the judgment or order and the notice of appeal will be treated as filed on the date of entry of the judgment or order from which the appeal is being taken. See Fed. R. Bankr. P. 8002.

*See* Sumida Ex. A.  This Notice does not transform the January 14, 2010 Memorandum into an appealable, final order -- this Notice simply outlines Bankruptcy Rule 8002 and does nothing more.

jurisdiction on the court of the sanctions issue.  The court recognizes, however, that if the old Bankruptcy Rules applied, the analysis is more involved because the old Bankruptcy Rules provide that "[e]very judgment entered in an adversary proceeding or contested matter shall be set forth on a separate document."  Fed. R. Bankr. R. 9021 (2008).  Accordingly, if the old Bankruptcy Rules apply, at issue would be whether the February 1, 2010 Judgment on Sanctions required entry of a separate document to trigger the time to appeal.  While the court rejects that the old Bankruptcy Rules apply to the February 1, 2010 Judgment on Sanctions as described above, the court finds that even if the old Bankruptcy Rules did apply, the February 1, 2010 Judgment on Sanctions nonetheless triggered Sumida's time to appeal.

The separate document rule does not always require the filing of two separate documents -- "when a court enters a short order that clearly constitutes a final decision, that short order meets the separate [document] rule."  *In re Schimmels*, 85 F.3d at 421.  Accordingly, the separate document rule applies only "where it is uncertain whether a final judgment has been entered, as where a trial judge writes an opinion or memorandum providing only the basis for the entry of judgment, but containing apparently directive or dispositive words such as 'defendant's motion for summary judgment is granted.'"  *Id.* (quoting *United*

*States v. Clearfield State Bank*, 497 F.2d 356, 358-59 (10th Cir. 1974)); *see also In re Slimick*, 928 F.2d 304 (9th Cir. 1990).  In other words, "[t]he separate [document] rule requires that the court enter a judgment or an order -- it does not require that a court enter an initial memorandum or opinion." *In re Schimmels*, 85 F.3d at 421; *see also Pac. Employers Ins. Co. v. Domino's Pizza, Inc*., 144 F.3d 1270, 1278 (9th Cir. 1998) (explaining that while a court can choose to enter an order explaining in detail its reasoning, the court may also enter "no order at all").

As for what constitutes a "judgment" that starts the time to appeal, the order at issue must provide "a full adjudication of the issues at bar, and clearly evidence[] the judge's intention that it be the court's final act in the matter." *In re Slimick*, 928 F.2d at 307.  Further, the order at issue must be brief, give no "detailed explanations," and "not contain an opinion or a memorandum." *In re Schimmels*, 85 F.3d at 422; *see also In re Cendant Corp. Sec. Litig*., 454 F.3d 235, 241 (3d Cir. 2006) (explaining that "an order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims"); *Kidd v. D. C.*, 206 F.3d 35, 39 (D.C. Cir. 2000)

(stating that a judgment containing some "sparse" explanation and one citation to legal authority does not trigger of the separate document rule).

Applying these principles, the court concludes that the February 1, 2010 Judgment on Sanctions constitutes a judgment -- it is titled "Judgment on Motion for Sanctions" and provides, in full:

> Pursuant to the Memorandum of Decision on Motion for Sanctions [Bk. Dkt. #202] entered January 14, 2010, IT IS HEREBY ORDERED, ADJUDGED and DECREED that:
>
> 1.    Trustee Ronald K. Kotoshirodo ("trustee") shall have judgment against [Sumida] in the amount of $44,959.14, consisting of $42,936.00* in professional fees, plus $2,023.14 in Hawaii State General Excise Tax, and $221.97[8] in taxable costs[.]
>
> 2.    All payments hereunder shall be due and owing directly to the Trustee's counsel, Shults & Tamm, A Law Corporation.
>
> 3.    Payment shall be made in full no later than 30 days after entry of this judgment.
>
> 4.    Trustee's counsel shall file with the Court, with service on the Office of the U.S. Trustee, a disclosure of all payments received hereunder.
>
> 5.    This court reserves jurisdiction to enforce this judgment.
>
> *    I have deducted $624.00 for clerical work on 1/15/10 and $96.00 for a timekeeping discrepancy on 5/29/09.  In all other respects, the objection is overruled, as the time reported was reasonable or necessary to the estate, and the hourly rates are unchallenged.

---

[8] Each of these amounts were hand-written in over different amounts, and these changes are explained by the asterisked language.

Tr. Ex. T.  The clear language of the February 1, 2010 Judgment on Sanctions

leaves no doubt that the bankruptcy court intended it to be the court's final act on

this issue -- it "orders, adjudges, and decrees" that Trustee "shall have judgment"

against Sumida in an amount certain.

Further, the February 1, 2010 Judgment on Sanctions contains neither

an opinion or memorandum, and does not provide any detailed explanation of its

reasoning of how it determined the amount of sanctions.  That the February 1, 2010

Judgment on Sanctions includes two hand-written sentences explaining the cross-

outs in the amount of sanctions does not morph this judgment into an opinion or

memorandum requiring the entry of a separate document.  *See In re Schimmels*, 85

F.3d at 421-22 (finding that an order granting summary judgment did not require a

separate document even though it provided brief reasoning on neglect of party to

file opposition); *Slimick*, 928 F.2d at 308 (finding that an order sustaining an

objection did not require a separate document even though it provided the court's

"opinion" that the objection "should be granted for the reasons set forth in [sic]

trustee's points and authorities"); *see also Pac. Employers Ins. Co.*, 144 F.3d at

1278 (finding that entry of judgment awarding prejudgment interest was itself a

separate document and began the time to appeal even though no additional

document outlined this relief because "[the judgment] does not contain any facts,

law or analysis; and it is self-contained, clearly stating all of the relief that the

district court found [the claimant] entitled to"); *cf. Maxitile, Inc. v. Sun*, 237 Fed.

Appx. 274, 275 (9th Cir. 2007) (finding that contempt order "contained sufficient

discussion of facts and reasoning such that it was an opinion or memorandum, and

thus it cannot be considered a separate final judgment which starts the clock for the

filing of an appeal").

    In opposition, Sumida cites various cases to support his argument that

the February 1, 2010 Judgment on Sanctions requires entry of a separate document

to trigger the time to appeal, but these cases are distinguishable because they

address opinions and decisions providing a rationale for the decision, as opposed to

a document that simply renders judgment. *See Seiscom Delta, Inc. v. Two*

*Westlake Park*, 857 F.2d 279, 280-81 (5th Cir. 1988) (requiring separate document

to be filed where order at issue was five pages long and contained "a two-page

discussion, with citation to legal authorities, of the court's legal reasoning");

*Diamond by Diamond v. McKenzie*, 770 F.2d 225, 229-30 (D.C. Cir. 1985)

(explaining that a separate document entering judgment was necessary because

"the District Court's order did more than render judgment; to the contrary, it set

forth a decision in the sense of providing the basis, albeit briefly, of the court's

reasoning, along with citations to legal authorities"); *State Nat'l Bank of El Paso v.*

*United States*, 488 F.2d 890 (5th Cir. 1974) (addressing the separate document requirement for a document entitled "opinion and judgment"); *see also United States v. Indrelunas*, 411 U.S. 216 (1973) (addressing whether a stipulation specifying the amount of refund to be paid to each of the prevailing parties was a judgment that triggered the time to appeal), *disavowed on other grounds by Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978).  None of these cases suggests that the cursory explanation of why the original payment amounts were altered transforms the February 1, 2010 Judgment on Sanctions from a judgment to an opinion requiring a separate document to trigger the time to appeal.  Entry of this February 1, 2010 Judgment on Sanctions therefore started the time for Sumida to appeal.  By filing his Amended Notice of Appeal on February 18, 2010 -- late under either the Old or New Bankruptcy Rules -- Sumida failed to file a timely notice of appeal.[9]

        In sum, the February 18, 2010 Amended Notice of Appeal was untimely and the court does not have jurisdiction to hear the appeal of the February

---

[9]  Beyond these arguments, Sumida also cites to non-bankruptcy cases to argue that sanctions are not appealable until there is a final disposition of the entire case.  This argument is wholly meritless -- Sumida (again) ignores that in a bankruptcy action, "a complete act of adjudication need not end the entire case, but need only end any of the interim disputes from which appeal would lie." *In re Slimick*, 928 F.2d 304, 307 n.1 (9th Cir. 1990).  While the January 14, 2010 Memorandum did not provide a complete adjudication of the sanction issue, the February 1, 2010 Judgment did so provide, and Sumida failed to timely appeal after its entry.

1, 2010 Judgment on Sanctions.  The court therefore GRANTS Trustee's Motion to Dismiss Sumida's appeal of the February 1, 2010 Judgment on Sanctions.

**B.     Standing to Appeal the November 23, 2009 Oral Order and February 1, 2010 Judgment on Compensation**

The November 23, 2009 Oral Order approved Trustee's Final Application for compensation seeking $93,461.74 in fees and $2,045.96 in expenses, and the written judgment was entered on February 1, 2010 (collectively, the "Fee Orders").[10]  Tr. Ex. U.  Trustee argues that Sumida's appeal of the Fee Orders must be dismissed because he does not have standing to appeal them.  The court agrees.

In addition to the traditional standing requirements, to have standing to appeal a bankruptcy court's order, "[t]he appellant must be a 'person aggrieved' by the bankruptcy court's order."  *In re P.R.T.C., Inc.*, 177 F.3d 774, 777 (9th Cir. 1999).  Under this requirement, "[a]n appellant is aggrieved if 'directly and adversely affected pecuniarily by an order of the bankruptcy court'; in other words, the order must diminish the appellant's property, increase its burdens, or detrimentally affect its rights."  *Id.* (quoting *Fondiller v. Robertson*, 707 F.2d 441, 442 (9th Cir. 1983)).  A creditor has standing to object to the payment of fees to

---

[10]  The February 1, 2010 Judgment on Compensation approved $92,485.84 in fees and $2,045.96 in expenses.  Tr. Ex. U.

the bankruptcy trustee's attorneys.  *See, e.g.*, *Costa v. Marotta, Gund, Budd & Dzera, LLC*, 281 Fed. Appx. 5, 6 (1st Cir. 2008); *In re Kucek Dev. Corp.*, 113 B.R. 652, 656 (E.D. Cal. 1990); *In re Mundo Custom Homes, Inc.*, 214 B.R. 356, 360 (Bkrtcy. N.D. Ill. 1997).

It does not appear that Sumida is directly affected pecuniarily by the Fee Orders.  These fees are paid out of the bankruptcy estate, and Sumida does not have any claims against the Debtor's estate.  Indeed, in the parties' settlement agreement, Sumida specifically released all of his claims against Debtor's estate, Trustee's attorneys, and Trustee in his capacity as Trustee.  *See* Tr. Ex. A ¶¶ 1.1, 1.2, 1.10, 2.2, 3.2.  Accordingly, Sumida is not a creditor of Debtor's estate and does not have an interest in how Debtor's estate is distributed.

In opposition, Sumida argues that he is a creditor because he has "made a post-settlement claim against the trustee and the bankruptcy estate for the trustee's failure to comply with the terms of the settlement agreement."  Sumida Opp'n at 21.  Specifically, Sumida filed a Motion to Approve and Enforce Settlement, *see* Bankr. Pet. No. 06-00157, Doc. No. 157.  On June 24, 2009, the court entered an order denying Sumida's motion, *see id*. at Doc. Nos. 171, 172, and the Clerk of the Bankruptcy Court entered judgment that same day.  *Id.* at Doc. No.

175.  Because Sumida did not timely appeal this June 24, 2009 order and judgment, Sumida no longer has a claim against Trustee and/or Debtor's estate.

The court therefore GRANTS Trustee's Motion to Dismiss Sumida's Appeal of the Fee Orders.

## IV.  <u>CONCLUSION</u>

Based on the foregoing, the court GRANTS Trustee's Motion to Dismiss Sumida's appeal.  The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

DATED:   Honolulu, Hawaii, June 16, 2010.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Sumida & Tsuchiyama, LLLP et al. v. Kotoshirodo (In re: Kyung Sook Kim)*, Civ. No. 10-00059 JMS/KSC, Order Granting Appellee Ronald K. Kotoshirodo's Motion to Dismiss Appeal